

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEANTECH INNOVATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NASDAQ STOCK MARKET, LLC;<br>MERIT E. JANOW; STEPHEN D. BARRETT;<br>DANIEL C. BIGELOW; MICHAEL J.<br>CURRAN; JOHN A. FRY; WILLIAM<br>LYONS; JOHN D. MARKESE; DOUGLAS<br>MELAMED; ERIC W. NOLL; WENDY<br>WHITE; and NASDAQ OMX GROUP, INC.,<br><br>Defendants. | No. |

## NOTICE OF REMOVAL

Defendants NASDAQ Stock Market, LLC, Merit E. Janow, Stephen D. Barrett, Daniel C. Bigelow, Michael J. Curran, John A. Fry, William Lyons, John D. Markese, Douglas Melamed, Eric W. Noll, Wendy White, and NASDAQ OMX Group, Inc. respectfully notice this Court that:

1.  A civil action was commenced on December 20, 2011 in the Supreme Court of the State of New York, bearing index number 653524-11, captioned *CleanTech Innovations, Inc. v. NASDAQ Stock Market, LLC* (the "state-court action").

2.  Defendants were served with the Complaint on December 20, 2011. A copy of the Complaint is attached as Exhibit A. This Notice of Removal is filed within 30 days of Defendants' receipt of the initial pleading. Removal is therefore timely under 28 U.S.C. § 1446(b).

3.  On December 20, 2011, Plaintiff CleanTech Innovations, Inc. ("CleanTech") filed a proposed order to show cause in the state-court action, along with a memorandum of law and supporting affidavits by Blair C. Fensterstock and Arnold Staloff, seeking a temporary

restraining order against Defendants. In addition, on December 20, 2011, CleanTech filed a notice of motion for admission of Arlen Specter *pro hac vice*, along with a proposed order and supporting affidavits by Arlen Specter and Blair C. Fensterstock. The same day, the Supreme Court of the State of New York granted the order to show cause and also granted the motion for admission *pro hac vice*. A copy of these filings is attached as Exhibit B. No other pleadings or orders have been entered with regard to any of the papers served or filed in the state-court action.

4. This action is removable to this Court under 28 U.S.C. § 1441(a) in that it is a civil action over which this Court has original and exclusive federal question jurisdiction under the provisions of 28 U.S.C. § 1331 and 15 U.S.C. § 78aa because the action arises out of and seeks to enforce a duty or liability created by the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78 *et seq.* NASDAQ Stock Market, LLC is a self-regulatory organization registered with the Securities and Exchange Commission as a national securities exchange pursuant to the Exchange Act, as amended. 15 U.S.C. § 78f *et seq.* The Complaint challenges a decision by NASDAQ to delist CleanTech's stock from its exchange; NASDAQ and the other defendants—the members of its Board of Directors and its parent company—were involved in the delisting proceedings only because of NASDAQ's functions as a self-regulatory organization. The propriety of Defendants' conduct identified in the Complaint must be determined exclusively by federal law. *See* 15 U.S.C. § 78aa.

5. The Complaint expressly "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. CleanTech asserts, as its third cause of action, that NASDAQ has "arbitrarily and capriciously attempt[ed] to delist CleanTech from its stock exchange," in purported "violat[ion] [of] Section 19(g) of the [Exchange] Act and the Rules promulgated thereunder by the SEC." Compl. ¶ 110. Similarly, CleanTech's fourth cause of action asserts

that the same alleged conduct failed to "afford CleanTech the due process to which it is entitled under the U.S. Constitution when faced with a regulatory action." *Id.* ¶ 115. Because federal law supplies the causes of action, if any, invoked by CleanTech in these claims, its suit arises under federal law. *See, e.g., Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action."), *quoted with approval in Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8–9 (1983).

6. In addition, removal is proper because CleanTech's suit falls within the *exclusive* jurisdiction of the federal courts. Under 15 U.S.C. § 78aa, "[t]he district courts of the United States . . . shall have exclusive jurisdiction of violations of [the Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder." CleanTech's complaint alleges both that Defendants "violated Section 19(g) of the [Exchange] Act, Compl. ¶ 110, and that they "violated the mandated procedures under NASDAQ and SEC rules," *id.* ¶ 78. These allegations can be addressed only in federal court. *See, e.g., Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1212 (9th Cir. 1998) ("federal courts are vested by 15 U.S.C. § 78aa with the exclusive jurisdiction over actions brought 'to enforce any liability or duty' created by exchange rules"); *Christian, Klein, & Cogburn v. NASD*, 970 F. Supp. 276, 278 (S.D.N.Y. 1997) (Sotomayor, J.) (upholding removal of complaint against a self-regulatory organization that "directly invoke[d] violations of federal securities laws as a basis" for the requested relief).

7. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit C. Promptly after filing this Notice of Removal, FINRA will serve the Notice of Filing of Notice of

3

Removal on CleanTech, and will file a copy with the Clerk of the Supreme Court of the State of New York, as required by 28 U.S.C. § 1446(d).

8. WHEREFORE, FINRA removes the state-court action from the Supreme Court of the State of New York to the United States District Court for the Southern District of New York.

Dated:  December 20, 2011

Respectfully submitted,

*Douglas R. Cox*

Douglas R. Cox (DC-1962)
  *Counsel of Record*
F. Joseph Warin
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Fax: (202) 467-0539

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2011, the foregoing Notice of Removal was served by commercial carrier for next-day delivery upon the following:

Blair C. Fensterstock, Esq.
FENSTERSTOCK & PARTNERS LLP
100 Broadway
New York, N.Y. 10005
*Counsel for Plaintiff*

                              Scott P. Martin
                              GIBSON, DUNN & CRUTCHER LLP
                              1050 Connecticut Avenue, N.W.
                              Washington, D.C. 20036
                              Telephone: (202) 955-8500
                              Facsimile: (202) 530-4238