UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                            :
CLEANTECH INNOVATIONS, INC.,       :
                        Plaintiff, :
                                            :   11 Civ. 9358 (KBF)
          -v-                      :
                                            :   MEMORANDUM AND ORDER
NASDAQ STOCK MARKET, LLC, et al., :
                       Defendants.:
                                            :
------------------------------------X

KATHERINE B. FORREST, District Judge:

    On December 30, 2011, Judge Sullivan (sitting in Part I) denied plaintiff's request for a temporary restraining order enjoining defendants from delisting its stock, finding that the Court lacked jurisdiction to issue the requested relief. (Docket No. 4.) On January 5, 2012, plaintiff served a Notice of Partial Voluntary Dismissal as to the individual defendants and filed an amended complaint against defendants NASDAQ Stock Market, LLC and NASDAQ OMX Group, Inc. (collectively "NASDAQ"). The focus of the amended complaint is NASDAQ's alleged discriminatory motivation for delisting plaintiff's stock and claims for selective prosecution and violation of the Equal Protection Clause (plaintiff's original complaint also alleged discrimination but did not contain separate causes of action based on the Equal Protection Clause).

    On January 11, 2012, the Court directed the parties to submit letter briefing addressing whether the Court has

jurisdiction over the amended action in light of Judge Sullivan's Order of December 30, 2011 and such cases as *Altman v. U.S. Secs. And Exch. Comm'n*, 768 F. Supp. 2d 554 (S.D.N.Y. 2011); *Hayden v. New York Stock Exch., Inc.*, 4 F. Supp. 2d 335 (S.D.N.Y. 1998) and *Belfort v. Nat'l Ass'n of Secs. Dealers*, No. 93 Civ. 7159 (JSM), 1994 WL 97021 (S.D.N.Y. Mar. 24, 1994). (Docket No. 14.)  Having now reviewed the letter briefs submitted by the parties, the Court SO ORDERS the Notice of Partial Voluntary Dismissal to the extent that it voluntarily dismisses the individual defendants, DENIES the Notice to the extent that it seeks to continue the original action against the remaining defendants, and DISMISSES the amended complaint for lack of subject matter jurisdiction.

DISCUSSION

The thrust of the jurisdictional analysis set forth in Judge Sullivan's December 30, 2011 Order continues to apply following plaintiff's filing of the amended complaint.  (Docket No. 4 at 4-7.)  The Exchange Act sets forth a specific and comprehensive scheme for reviewing disciplinary actions taken by self-regulatory organizations ("SRO") like NASDAQ, including review by the SEC (15 U.S.C. § 78s(d)) and the United States Courts of Appeals (*id.* § 78y(a)(1)).  This Court has repeatedly found that scheme to be the "exclusive route" for obtaining review of SRO disciplinary actions, such as delistings.  (Docket

No. 4 at 7; see also *Altman*, 768 F. Supp. 2d at 558 (noting that district courts lack jurisdiction to hear challenges to "on-going or pre-enforcement disciplinary proceedings"); *Hayden*, 4 F. Supp. 2d at 340 ("In short, the Exchange Act's text, structure, and legislative history reveal a clear Congressional intent to preclude district court review of SRO disciplinary proceedings.").)

Plaintiff does not dispute that this Court lacks jurisdiction to "challenge a disciplinary proceeding []or a delisting." (*See* Pl.'s Letter at 2.) Rather, it argues that the amended complaint "does not challenge the delisting as such," "refer[ring] to it only as background for NASDAQ's discriminatory actions in violation of the U.S. Constitution." (*Id.*) The Court disagrees – the alleged discriminatory conduct *is* the delisting proceedings. Plaintiff's theory of the litigation is that "[w]ere it not for the overt and systematic racially-motivated discriminatory acts and policies of NASDAQ against CleanTech because it is a China-based company, CleanTech *would continue to be traded on NASDAQ*." (Amended Compl. at ¶ 1 (emphasis added).) Plaintiff alleges that NASDAQ "wrongfully determined to delist" it "based primarily upon racial animus" (*id.* at ¶ 29) and "NASDAQ's actions had the racially discriminatory effect of causing [it] to be delisted" (*id.* at ¶ 69). Indeed, as defendants correctly point out, "[t]he amended

3

complaint does not identify *any* purported wrongdoing that occurred outside the delisting proceedings." (Defs.' Letter at 2 (emphasis original); *see also* Amended Compl.)

Plaintiff also argues that its constitutional claims are "collateral to the Exchange Act's regulatory scheme, and are outside the SEC's expertise." (Pl.'s Letter at 2.) Plaintiff's argument relies on the Court's opinion in *Altman*, which opinion identifies three factors relevant to the preclusion of district court review: whether (1) "'a finding of preclusion could foreclose all meaningful judicial review;'" (2) the suit is "'wholly collateral to a statute's review provisions;'" and (3) the claims are "'outside the agency's expertise.'" 768 F. Supp. 2d at 559 (quoting *Free Enter. Fund v. Public Co. Accounting Oversight Bd.*, 130 S. Ct. 3138, 3150 (2010)). The Supreme Court has indicated that the fact that a plaintiff's "constitutional claims . . . can be meaningfully addressed in the Court of Appeals" trumps concern for the reviewing body's expertise in addressing constitutional questions. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994); *see also Altman*, 768 F. Supp. 2d at 559 & n.5.

In *Altman*, the plaintiff alleged that a disciplinary action by the SEC violated his constitutional rights to equal protection, due process and privacy. Verified Comp. at ¶¶ 32-37, *Altman*, No. 10 Civ. 09131 (RJH) (S.D.N.Y. Dec. 7, 2010). In

4

holding that the Court lacked jurisdiction to consider those allegations, Judge Holwell recognized that "the SEC has the authority and expertise to hear constitutional challenges to its rule or rule-making provisions." *Altman*, 768 F. Supp. 2d at 560. The Court agrees with defendants that there is no reason to believe that the SEC lacks similar expertise to review the constitutionality of the SRO actions here. Indeed, CleanTech has raised its constitutional allegations before the SEC.

The Commission also appears to believe that it has authority and expertise to address plaintiff's constitutional claims, indicating when it denied plaintiff's request for a stay that it would "assess[]" plaintiff's assertion that "the NASDAQ staff was biased against [plaintiff] because it is a Chinese company" after it "ha[d] an opportunity to review the merits." *See* Order Denying Motions for Stay of Delisting and Expedited Discovery at 4, Admin. Proc. File No. 3-14640 (SEC Dec. 28, 2011). Most importantly – as recognized by this Court in *Altman* – should plaintiff disagree with the SEC's ultimate assessment, it can appeal it to the Court of Appeals, where "any constitutional challenge raised in [the] administrative proceedings will be meaningfully addressed." *See* 768 F. Supp. 2d 554; *see also Thunder Basin Coal Co.*, 510 U.S. at 215. Thus, contrary to plaintiff's arguments, "the fact that [it] raises a constitutional challenge" "does not alter the analysis or

5

application" of the Exchange Act's review provisions, precluding the Court from hearing this matter.  See Altman, 768 F. Supp. 2d at 558-59.

## CONCLUSION

In light of the foregoing, this action is dismissed in its entirety – voluntarily in part and involuntarily for lack of federal subject matter jurisdiction in part.  The Clerk of the Court is directed to close this case.

SO ORDERED

Dated:   New York, New York
         January 31, 2012

                                        _____
                                        KATHERINE B. FORREST
                                        United States District Judge